IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY ALTENBACH,<br>Plaintiff, | Civil Action No. 3:14-cv-1932 |
| v. | (Judge Mariani) |
| TONI IANUZZI, et al.,<br>Defendants. | |

## MEMORANDUM

Plaintiff, Gregory Altenbach, an inmate currently confined at the State Correctional Institution in Albion, Pennsylvania, initiated the instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint sets forth constitutional violations for events that occurred at the State Correctional Institution at Benner Township, in Bellefonte, Pennsylvania ("SCI-Benner Township"), and at the State Correctional Institution at Mahanoy, in Frackville, Pennsylvania ("SCI-Mahanoy"). (Id.). Plaintiff alleges, inter alia, that he received inadequate medical care, that Defendants were deliberately indifferent to his serious medical needs, and that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. (Id. at pp. 3-12). The named Defendants are Toni Ianuzzi, a nurse practitioner at SCI-Mahanoy; John Lisiak, a physician at SCI-Mahanoy; Jose Boggio, a physician at SCI-Mahanoy; Nicholle Boguslaw, a physician assistant at SCI-Mahanoy; Karen Holly, a registered nurse supervisor at SCI-Mahanoy; Andrew Dancha, a physician at SCI-Benner Township; Maria Leahy, a physician assistant at SCI-Benner

Township; and, Wexford Health Sources, Inc. (*Id.* at ¶¶ 4-11).

Presently pending before the Court are Plaintiff's motions to appoint counsel. (Docs. 4, 22). Defendants filed a brief in opposition to the motions. (Doc. 29). For the following reasons, the motions will be denied without prejudice.

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

    (1)    the plaintiff's ability to present his or her own case;
    (2)    the difficulty of the particular legal issues;

2

    (3)    the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
    (4)    the plaintiff's capacity to retain counsel on his or her own behalf;
    (5)    the extent to which the case is likely to turn on credibility determinations; and
    (6)    whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her own case; and (2) the available supply of lawyers willing to accept section 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez*, 232 Fed. Appx. 153 (3d Cir. 2007).

Assuming *arguendo* that the complaint has merit, Plaintiff fails to set forth any circumstances warranting the appointment of counsel. *See Tabron*, 6 F.3d at 155-56. Plaintiff bases his motions on the alleged complexity of the case, conflicting testimony in the case (in the event of trial), his inability to investigate the facts, and his limited education. (Docs. 4, 22, 23). Plaintiff further states that he is unable to afford the costs associated with the litigation of this matter. (Doc. 23). However, upon review, the legal issues herein are relatively simple and may not require expert testimony. Furthermore, despite his incarceration, investigation of the facts is not beyond Plaintiff's capabilities and he is familiar with the facts of his case.

In his pleadings, Plaintiff demonstrates the ability to present comprehensible arguments and to present his own case. With the instant motions to appoint counsel,

Plaintiff filed a supporting brief and set forth relevant arguments and applicable legal research supporting his claims in a clear and concise manner. (Doc. 23). Plaintiff also submitted a declaration in support of his motions. (Doc. 22-1). Additionally, a review of this District's docket reveals that Plaintiff has filed and is litigating another case, and is proceeding in that case without counsel. See *Altenbach v. Link, et al.*, 3:14-cv-2431.

It is also noted that this Court does not have a large group of attorneys who would represent this action in a *pro bono* capacity.

Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motions for appointment of counsel will be denied, however said denial will be without prejudice. As the Court in *Tabron* stated,

> [A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* ... even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

*Tabron*, 6 F.3d at 156-57. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Plaintiff.

A separate Order follows.

Date: April ___, 2015

Robert D. Mariani
United States District Judge