IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY ALTENBACH, :
Plaintiff, : Civil No. 3:14-cv-1932
v. : (Judge Mariani)
TONI IANUZZI, *et al.*, :
Defendants. :

**MEMORANDUM**

Plaintiff, Gregory Altenbach, an inmate currently confined at the State Correctional Institution in Albion, Pennsylvania ("SCI-Albion"), initiated the instant civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff sets forth constitutional violations for events that occurred at the State Correctional Institution at Benner Township, in Bellefonte, Pennsylvania, and at the State Correctional Institution at Mahanoy, in Frackville, Pennsylvania. (*Id.*). Plaintiff alleges, *inter alia*, that he received inadequate medical care, that Defendants were deliberately indifferent to his serious medical needs, and that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* at pp. 3-12).

Presently pending before the Court are three motions to compel filed by Plaintiff. (Docs. 21, 36, 48). Also pending before the Court is Defendants' motion to stay discovery

pending disposition of the dispositive motions. (Doc. 51).[1] For the following reasons, two of Plaintiff's motions to compel, (Docs. 21, 36), will be deemed withdrawn for failure to file supporting briefs, Plaintiff's third motion to compel discovery, (Doc. 48), will be denied, and Defendants' motion to stay discovery, (Doc. 51), will be granted.

## I. Plaintiff's Motions to Compel

On December 3, 2014, Plaintiff filed a motion to compel wherein he requests that the Court require the Pennsylvania Department of Corrections to provide Plaintiff with a copy of his medical records free of charge. (Doc. 21). Thereafter, on February 10, 2015, Plaintiff filed a motion to compel requesting a copy of this Court's Local Rules, and a copy of all filings in the instant action.[2] (Doc. 36). In the motions to compel, Plaintiff simply seeks to be provided with free copies of any and all documents he has requested. *See* (Docs. 21, 36). Plaintiff failed to file briefs in support of these motions as required by Middle District of Pennsylvania Local Rule 7.5.[3] Local Rule 7.5 provides that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion.... If a supporting brief is not filed within the time provided in this rule the motion shall be

---

[1] The instant motion to stay discovery was filed by Defendants Ianuzzi, Lisiak, Boggio, Boguslaw, Dancha, Leahy, and Wexford Health Sources, Inc. *See* (Doc. 51).

[2] The Court notes that the Middle District of Pennsylvania Local Rules are available for viewing online. Additionally, on February 18, 2015, the Court mailed a courtesy copy of the Local Rules to SCI-Albion.

[3] A copy of Local Rule 7.5 is attached to this Court's Standing Practice Order, which was issued to Plaintiff on October 7, 2014. (Doc. 6).

deemed to be withdrawn." M.D. Pa. Local Rule 7.5. Accordingly, Plaintiff's motions, (Docs. 21, 36), will be deemed withdrawn for failure to file supporting briefs.

On April 21, 2015, Plaintiff filed a motion to compel responses to requests for production of documents and requests for admissions. (Doc. 48). Defendants maintain that they never received any formal discovery requests from Plaintiff, and never received letters from Plaintiff regarding the outstanding discovery requests. (Doc. 52, pp. 1-2). Nevertheless, Defendants argue that discovery is premature because the pleadings have not yet closed. (*Id.*). Upon consideration of Plaintiff's motion to compel Defendants to produce discovery, including certain prison files and medical records, and it appearing that Plaintiff has failed to serve discovery requests on Defendants, (Doc. 52, p. 2), the motion will be denied.

## II. Defendants' Motion to Stay Discovery

A district court has discretion to defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. *See James v. York County Police Dep't*, 160 Fed. Appx. 126, 136 (3d Cir. 2005). Briefly deferring discovery in such a case, while the Court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes that parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and

burden of factual discovery until after their legal defenses are addressed by the Court. In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " *In re Currency Conversion Fee Antitrust Litigation*, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991)) (citing *Flores v. Southern Peru Copper Corp.*, 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr.19, 2001); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

*Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

In the instant matter, a stay of discovery is clearly appropriate. Presently pending on the docket is Defendants' motion to dismiss or, in the alternative, for summary judgment.[4] (Doc. 31). Defendants assert that "[t]he time and effort necessary to provide the requested discovery information would be wasted should the Court grant Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." (Doc. 51, p. 3). Thus, it would be a waste of government resources for Defendants to respond to discovery requests when such a need may be eliminated or greatly narrowed, and where Defendants may potentially be dismissed from this action. Accordingly, Defendants' motion to stay will be granted, and discovery stayed in this action pending resolution of the dispositive motions.

---

4 Also pending is a motion to dismiss, (Doc. 27), filed by a co-defendant.

A separate Order follows.

Date: May 28, 2015

Robert D. Mariani
United States District Judge